HOUSTON OIL CO. OF TEXAS v. RAGLEY-SANER LUMBER CO. et al. (No. 159.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1917. Rehearing Denied June 20, 1917.)

TRESPASS TO TRY TITLE ⊕═45(1)—INNOCENT PURCHASER FOR VALUE—INSTRUCTION.

In suit to try title, where the only issue submitted was that of innocent purchaser for value, the court instructed that, in determining whether defendants were innocent purchasers as against unrecorded deeds, it was not required that a purchaser should search the records to find whether there is some adverse claim, and that it is not required that he should make any inquiry or investigations outside of the records to ascertain whether there may be any adverse claim; that it is only necessary that he should use the reasonable degree of care and prudence that a person of ordinary prudence would exercise under similar circumstances; that if there is an adverse claim of title not duly recorded, and the purchaser has no actual notice of its existence, or of such facts and circumstances as would lead a person of reasonable prudence to discover the existence of such adverse claim of title, and such person in good faith relies on what appears of record to be the true title, and pays valuable consideration, such person takes the title free from the claims of the owner of the unrecorded title, and meets the requirements of the law as to innocent purchaser for value without notice, etc. *Held*, that the charge contained no error.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 67.]

Error from District Court, Sabine County; A. E. Davis, Judge.

Suit by the Houston Oil Company of Texas against the Ragley-Saner Lumber Company and others. To review a judgment for defendants, plaintiff brings error. Affirmed.

See, also, 162 S. W. 1183.

Parker & Kennerly and Fred L. Williams, all of Houston, for plaintiff in error. W. D. Gordon, of Beaumont, W. F. Goodrich, of Hemphill, and S. W. Blount, of Nacogdoches, for defendants in error.

BROOKE, J. This suit was to try title to the northwest quarter of a league of land in Sabine county granted to A. E. C. Johnson, and by him conveyed to A. A. Lewis. Appellant, plaintiff below, claimed through mesne conveyances under deed dated March 9, 1843, from John Boyd, as administrator of said Lewis' estate, to William Clark, Jr. Appellees, defendants below, claimed under deeds made by heirs of said Lewis, and also claimed they were innocent purchasers for value of the land in controversy. The case was submitted to the jury upon special issues, and upon one proposition alone; that is, whether or not the appellees were innocent purchasers for value.

The court charged the jury as follows:

"In this case, the court submits to you certain questions to be answered by you, and which questions when so answered by you will form the basis on which the court will render judgment herein.

"The burden of proof rests upon the plaintiff to show by a preponderance of the testimony the material allegations in its petition, and the burden of proof rests upon the defendants to show by a preponderance of the testimony whether they are innocent purchasers for value, without notice.

"Question No. 1. Did S. W. Blount, at the time he obtained a power of attorney from Annie E. Colgin and husband, R. E. Colgin, and up to the time that he performed the service contracted to be performed under said power of attorney, know of the existence of the deeds in evidence from John Boyd, administrator of Allison A. Lewis, to William Clark, and of William Clark to John Boyd, and from John Boyd to Frederick Fort, or did he have knowledge of such facts as would put a man of ordinary and reasonable prudence on inquiry for the existence of such deeds, and would such inquiry, if made with reasonable prudence, have probably discovered such deeds? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which question the jury answered, "No."

"Question No. 2. Was S. W. Blount, at the time he performed the services contracted to be performed under the power of attorney obtained by him from Mrs. Annie E. Colgin and her husband, R. E. Colgin, an innocent purchaser of said land for value without notice? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which the jury answered, "Yes."

"Question No. 3. Did W. G. Ragley, at the time he obtained the deed from W. G. Sewell, know of the existence of the deeds from John Boyd to William Clark, William Clark to John Boyd, and John Boyd to Frederick Fort, or did he have such knowledge of such facts as would put a man of ordinary and reasonable prudence on inquiry for the existence of such deeds, and would such inquiry, if made with reasonable prudence, have probably discovered such deeds? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which the jury answered, "No."

"Question No. 4. Was W. G. Ragley, at the time of his purchase, an innocent purchaser of said land for value without notice? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which question the jury answered, "Yes."

"Question No. 5. Did A. R. Hare, at the time he purchased from Mrs. Finch, know of the existence of the deeds in evidence from Boyd to Clark, from Clark to Boyd, and from Boyd to Fort, or did he have knowledge of such facts as would put a man of ordinary and reasonable prudence on inquiry for the existence of such deeds, and would such inquiry, if made with reasonable prudence, have probably discovered such deeds? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which the jury answered, "No."

"Question No. 6. Was A. R. Hare at the time of his purchase an innocent purchaser of said land for value without notice? Answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which the jury answered, "Yes."

"Question No. 7. Did W. D. Gordon, at the time of his purchase from A. R. Hare, and up to the time he performed the services which he rendered in the case of A. R. Hare et al. v. Ragley-McWilliams Lumber Company, know of the existence of the deeds in evidence from Boyd to Clark, from Clark to Boyd, and from Boyd to Fort, or did he have knowledge of such facts as would put a man of ordinary and reasonable prudence on inquiry for existence of such deeds, and would such inquiry, if made with reasonable prudence, have probably discovered such deeds? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which question the jury answered, "No."

"Question No. 8. Was W. D. Gordon at the time of his purchase, an innocent purchaser of said land for value, without notice? You will answer this question, 'Yes,' or, 'No,' as you may determine the fact to be." To which the jury answered, "Yes."

"To guide you in your determination and answers of the foregoing questions, the court submits to you the following instructions as the law concerning said matters:

"The registration laws of this state provide a method by which all persons who have title to land may record their deeds. And, if any claimant to land fails or neglects to record his deed, they are null and void, and of no force or effect whatever as against an innocent purchaser for a valuable consideration without notice of said unrecorded deeds, where such purchaser buys what appears to be the true title as reflected by the records.

"So if you believe from the evidence in this case that the defendants purchased the land claimed by them in good faith paying a valuable consideration therefor, which consideration may be in money, or legal services, or both without notice of the unrecorded deeds from John Boyd to William Clark, William Clark to John Boyd, and John Boyd to F. Fort, which deeds were not recorded at the time of the defendants' purchase, such unrecorded deeds would be null and void as to the defendants, and it would be your duty, if you so believed, to answer questions Nos. 1, 3, 5, and 7, 'No,' and questions Nos. 2, 4, 6, and 8, 'Yes.'

"In determining this question as to whether or not the defendants are innocent purchasers for value as against the unrecorded deeds, you are instructed that it is not required by law that a purchaser of land should search out the records to find whether or not there is some adverse claim to the land, nor is it required by law that he should make any inquiry or inves-

tigations outside of the records of the deeds to ascertain whether or not there may be any adverse claim.

"It is only necessary that he should use that reasonable degree of care and prudence in buying the land that a person of ordinary prudence would exercise under similar circumstances.

"And if in fact there be an adverse claim of title which is not duly recorded, and such purchaser has no actual notice of its existence or of such facts and circumstances as would lead a person of reasonable prudence to discover the existence of such adverse claim of title, and such person in good faith relies upon what appears of record to be the true title to the land, and pays a valuable consideration therefor, such person takes the title free from the claims of the holder of the unrecorded title, and would meet the requirements of the law as to innocent purchasers for value without notice.

"You are instructed that in law there is what is known as constructive and actual notice.

"'Constructive notice' is that which the law implies to all purchasers of land where the adverse claim of title is duly recorded.

"'Actual notice' is that which a person may have actually brought home to him whereby he is put upon notice of the existence of the adverse claim of title.

"In this case the undisputed evidence shows that the chain of title under which the plaintiff Houston Oil Company claims was not duly recorded at the time of the defendants' purchase, so that the defendants are not charged with constructive notice of the plaintiff's chain of title.

"And the jury is instructed that you are to look to all the facts and circumstances to determine whether or not the defendants had actual notice of the unrecorded claim of title asserted by the plaintiff, and if they did not they would not be charged therewith, but such unrecorded title would be null and void as to the defendants, if they in fact paid a valuable consideration for the land purchased by them in good faith, believing they were obtaining the title to the land so purchased.

"You will therefore bear in mind the foregoing rules in answering the questions propounded to you.

"You are the exclusive judges of the facts proved, and the credibility of the witnesses, and of the weight to be given to their evidence; but the law you will receive from the court in this charge, and be governed thereby."

At the outset, it may be well to say that in no one of the instruments from Frederick Fort to the Houston Oil Company of Texas, inclusive, which said instruments were placed upon record some time during the year 1910, was there any indication or recital of any nature from which the inference could be drawn that Allison A. Lewis, or any one claiming under him, had ever made any sale or conveyance of said land, and said claim remained undisclosed until about June 27, 1910, when there were placed upon the records the deeds from Boyd to Clark, Clark to Boyd, and Boyd to Fort.

Upon the findings of the jury, as above set out, the court entered a judgment for appellees herein. There is no express finding by the court itself that the paper title under which appellant claims was a good and perfect title. The record not having reflected, therefore, any finding of the court that appellant showed title to the land, it is, in the opinion of the writer, unnecessary to inquire fully into this phase of the case, although it was developed on the trial, as no good purpose would be served thereby, and such a discussion would be merely academic.

In view of the submission by the court of one issue alone, to wit, the issue of innocent purchase for value, which the jury found in favor of appellees, under a charge of the court which we have carefully examined and find not to contain error, therefore, we are unwilling to disturb this verdict.

There is a very able, exhaustive, and comprehensive brief filed by the appellant in this cause, and to examine each one of the assignments of error in detail, and the propositions submitted thereunder, would require this opinion to be of great length, and on this question of innocent purchase would develop nothing novel or instructive to the profession. The testimony admitted upon the trial of the case was, we hold, such as should have been submitted, and no error was committed upon the part of the court with reference thereto. The jury was certainly of the opinion, from the testimony submitted to it, that the appellees were innocent purchasers for value, and, in a close consideration of the testimony for many days, we do not believe they reached an erroneous conclusion. In fact, no other conclusion could have been reached, perhaps, than the one found by the jury. Therefore, eliminating from this cause the question of whether or not appellant had the real paper title, as being unnecessary to the disposition of the case, and finding that the court submitted all the legal testimony offered on the proposition of innocent purchase, disposes of each assignment raised by appellant's brief.

It has required much time and exceeding care to carefully examine the various assignments and propositions thereunder, raised upon the trial of this cause, in one of the most profound and thorough briefs ever presented to this court, and, as said before, it would require an opinion perhaps equal in length to the brief, which is several hundred pages in length, to consider each assignment in detail, and no real benefit would result therefrom. Therefore, believing as we do that the verdict of the jury and the judgment of the court are conclusive on the issue that the appellees were innocent purchasers for value, and that without regard to whether the real title was in appellants, we are of opinion that the assignments of error raised by appellant should be overruled, and that this cause should be affirmed. It is so ordered.

HIGHTOWER, C. J., being disqualified, did not sit.